IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Donner
Plaintiff(s),

v.

Anglin et al
Defendant(s).

Case No. 13 c 8135
Judge Virginia M. Kendall

## ORDER

Illinois prisoner Carl Donner was convicted at a 1998 bench trial in Cook County, Illinois of first degree murder. After a 2000 remand, Donner was sentenced to fifty years of imprisonment which he is currently serving at the Danville Correctional Center in Danville, Illinois. On November 12, 2013, this Court received Donner's *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Presently before the Court is the Respondent's[1] motion to dismiss the petition for lack of subject-matter jurisdiction because it is an unauthorized second or successive petition pursuant to 28 U.S.C. § 2244(b). For the reasons set forth below, the Court denies the Respondent's motion to dismiss.

## BACKGROUND

Following a bench trial in the Circuit Court of Cook County, Illinois, on January 8, 1998, Donner was convicted of burglary and two counts of first degree murder: (1) felony and (2) knowing. (Dkt. 10-1 at 1). Donner was sentenced to seven years for the burglary conviction and fifty years for murder. Donner is currently in the custody of Dan Reardon, the warden of Danville Correctional Center in Danville, Illinois. Following his conviction, Donner appealed to the Illinois Appellate Court for the First District. *People v. Donner*, 313 Ill. App.3d 1090 (2000) (Table). Donner asserted the burglary conviction was not proved beyond a reasonable doubt and the felony murder conviction was based on the predicate act of burglary. On June 13, 2000, the appellate court vacated Donner's burglary and felony murder convictions and remanded the case for sentencing. (Dkt. 10-1 at 6). He was resentenced to a term of fifty years imprisonment for the remaining conviction of knowing murder. (*Id.*).

After pursing state direct and post-conviction proceedings, Donner filed a habeas petition dated August 14, 2012 in this Court, accompanied by a motion for leave to proceed *in forma pauperis*. *See Donner v. Anglin*, No. 12 C 6662. In its ruling granting the motion to proceed *in forma*

---

[1] Warden Keith Anglin was originally named as the respondent in the petition. Dan Reardon is now the acting warden and custodian at Danville and is therefore substituted as the proper respondent. *See* Fed. R. Civ. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party.").

*pauperis*, the Court cautioned Donner that the petition was potentially untimely under 28 U.S.C. § 2244(d) but did not rule on the issue. The Court advised that if the Respondent asserted a statute of limitations defense, Donner would need to present evidence of statutory or equitable tolling to prevent dismissal. Before the Respondent filed anything with the Court, Donner moved to withdraw his petition because he was not able to present any evidence demonstrating that he was eligible for tolling. Donner specifically requested the petition be withdrawn without prejudice, and the Court granted the motion. The instant petition followed.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act ("AEDPA") governs petitions for writs of habeas corpus filed after April 24, 1996. *Benefiel v. Davis*, 357 F.3d 655, 659 (7th Cir. 2004). Under the AEDPA, a federal district court may issue a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Section 2244(b) of the AEDPA provides, in pertinent part, that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A). Thus, "[s]ection 2244(b)(3)(A) 'is an allocation of subject-matter jurisdiction to the court of appeals. A district court *must* dismiss a second or successive petition … unless the court of appeals has given approval for the filing.'" *Lambert v. Davis*, 449 F.3d 774, 777 (7th Cir. 2006) (quoting *Nuñez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996)).

The parties do not dispute that Donner filed a petition for a writ of habeas corpus in the Northern District of Illinois dated August 14, 2012, attacking his 1998 Cook County judgment of conviction of first degree murder. The parties disagree, however, over whether the instant petition, which concerns the same 1998 Cook County conviction, qualifies as a second or successive petition under 28 U.S.C. § 2244(b).

Under 28 U.S.C. § 2244(b)(3), this Court has no jurisdiction to hear a second or successive habeas petition without authorization from the Seventh Circuit. However, a question exists as to whether Donner's petition is "second or successive" for purposes of the rule. Not all numerically second petitions trigger the second or successive filing prohibition. *See Panetti v. Quarterman*, 551 U.S. 930, 944 (2007) (applications filed second or successively in time are not necessarily considered "second or successive" under § 2244, even when the later filings address a judgment already challenged in an earlier § 2254 application); *see also Vitrano v. United States*, 643 F.3d 229, 233 (7th Cir. 2011). Temporally subsequent filings only activate the filing prohibition if they follow a filing that "counts" as the prisoner's first (and only) opportunity for collateral review. *Vitrano*, 643 F.3d at 233. Although a habeas petition need not be adjudicated on the merits to "count" as a prisoner's first motion for AEDPA purposes, the prisoner is entitled to "one clean shot" at maintaining a federal habeas proceeding. *See id.*; *see also Pavlovsky v. VanNatta*, 431 F.3d 1063, 1064 (7th Cir. 2005). Previous petitions that were dismissed for technical or procedural deficiencies, such as filing in the wrong district, failing to pay the filing fee, or failing to exhaust state-court remedies, do not "count" because the petitioner can cure the problems before refiling. *Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003). On the other hand, petitions that have been denied on the merits, that the petitioner voluntarily dismisses in the face

of an imminent loss, or that have been denied based on a procedural default (such as untimeliness), trigger the prohibition on successive filings because the petitioner had a full opportunity to raise a federal collateral attack. *Id.*; *see also Pavlovsky*, 431 F.3d at 1064 (dismissal of petition as untimely is dismissal on the merits); *Potts v. United States*, 210 F.3d 770, 771 (7th Cir. 2000) (petition withdrawn due to looming defeat counted); *Johnson v. United States*, 196 F.3d 802, 804 (7th Cir. 1999) (if petitioner starts a collateral attack and abandons it because he knows he will lose, that proceeding counts because the petitioner "had an opportunity for a decision") (citing *Felder v. McVicar*, 113 F.3d 696, 698 (7th Cir. 1997)).

However, a habeas petitioner is also entitled to rely on the label assigned to a dismissal. *See Pavlovsky*, 431 F.3d at 1065 (where district court dismissed initial habeas petition as untimely, but without prejudice, numerically second filing did not constitute a "successive" petition). Regarding Donner's August 2012 petition, the Court warned him that the potential for a statute of limitations defense was present. But the Court explicitly stated it would not rule on the issue without the proper state court record confirming the petition's untimeliness, leaving the task of completing the record to the Respondent. Before the Respondent filed anything with the Court and before Donner knew the Respondent's position, Donner moved to voluntarily withdraw the petition specifically without prejudice. *Contra Potts*, 210 F.3d at 770 (petitioner withdrew his 2255 motion only after respondent filed a brief detailing that the motion lacked merit). That motion was granted and Donner is entitled to rely on the label used by this Court. The Court notes that while it is plausible that Donner withdrew his first petition because he thought he was facing imminent defeat, another entirely conceivable interpretation is that Donner simply wanted to research any statutory or equitable tolling he may be entitled to in an effort to perfect his petition. The Court cannot say with certainty that Donner withdrew his first petition only because he knew he would lose. Therefore, Donner will be afforded a chance to proceed with the instant petition. No authorization for filing a second petition is necessary. The Court does, however, grant the Respondent's request for additional time; the Respondent is ordered to answer or otherwise respond to the petition within thirty days from entry of this order.

Date: August 27, 2014

Virginia M. Kendall
United States District Judge

3